IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CRAIG WEISENBERGER, Plaintiff,

V.

TRUETT-HURST, INC, a Delaware
Corporation, Defendant;
H.D.D. LLC a California Corporation, Defendant

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff CRAIG WEISENBERGER, and files this Original Complaint complaining of TRUETT-HURST, INC. AND H.D.D. LLC (hereinafter "Defendants"), and for cause of action, would respectfully show this Honorable Court the following:

### I. PARTIES

1. Plaintiff CRAIG WEISENBERGER is a citizen and resident of Colorado.

2. Defendant TRUETT-HURST, INC. is a Delaware Corporation having its principal place of business in California, which has appointed Paul Dolan III as its agent for service of process, and designated 125 Foss Creek Circle, Healdsburg, California 95448, as said agent's service address.

3. Defendant H.D.D. LLC is a California limited liability company, which has appointed Paul Dolan III as its agent for service of process, and designated 125 Foss Creek Circle, Healdsburg, California 95448, as said agent's service address. Defendant H.D.D. LLC has one Manager and is managed by Phillip L. Hurst, CEO of Truett-Hurst, Inc.

## II.   JURISDICTION

4.     The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Plaintiff and the properly joined Defendants.

5.     The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## III.   VENUE

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the District of Colorado.

## IV.   GENERAL ALLEGATIONS

7.     This is an action to recover compensatory damages pursuant to Colo. Rev. Stat. § 13-21-401 et seq. and negligence and warranty as more fully listed below.

8.     In the spring of 2019, Plaintiff purchased a bottle of 2015 California Square Chardonnay North Coast (hereinafter subject wine bottle) from Total Wine & More, located at 3905 East Evans Ave. Denver, CO 80210 in Denver, Colorado. The subject wine bottle had an engraved date stamp of 03/17/2017.

9.     Defendant Truett-Hurst, Inc. (hereinafter Truett-Hurst) is in the business of wine sales, marketing, and production of wine. It purports to be known in the wine community for its "quality and packaging innovations." Defendant represents that it has retail exclusive label partnerships with major retailers, including Trader Joe's and Total Wine and More.

10.    On or around October 14, 2013, Defendant Truett Hurst announced the launch of "its all-new line of eco-friendly "*California Square*" fine wines."

11.    Defendant Truett-Hurst, Inc. produces, makes, and retails California Square wine under the brand of Truett Hurst. It has a unique square glass bottle design featuring glass embossing. Truett-Hurst represents to the public that it owns all its brand names, trademarks, and artwork used in its

2

California Square Wine product line.

12. Defendant H.D.D. LLC produces wines either directly or through affiliated entities. It also owns intellectual property.

13. Truett-Hurst is the sole manager of Defendant H.D.D. LLC.

14. H.D.D. LLC applied for a patent for the embossing on the square bottle. The patent number is D714652 and was issued on October 7, 2014.

15. H.D.D LLC applied for a trademark for the square wine bottle with the literal elements: *WEST COAST CALIFORNIA SQUARE & CO., MADE IN THE U.S.A. STYLE AND QUALITY.* Its trademark was depicted as such:



16. Defendant Truett Hurst, through Defendant H.D.D., worked in conjunction with Stranger & Stranger to design and brand California Square Wine Bottle. Along with the above-trademarked branding, all the subject wine bottle asserts is that the bottle is "Cellared and Bottled by Truett Hurst." No other companies, manufacturers, distributors are listed on the bottle.

17. The subject wine bottle is manufactured and designed by Defendant H.D.D. LLC and by Defendant Truett Hurst, sold under the exclusive name and brand of Truett-Hurst, and on information and belief, was sold and/or placed into the stream of commerce in Colorado by Truett

3

Hurst.

18. On July 2, 2019, Plaintiff attempted to open the subject wine bottle at his home in Denver, Colorado. He was extracting the cork with a Vino Pump wine opener when suddenly and without warning, the bottle exploded. As a result of the unexpected glass shattering event, Plaintiff suffered serious injuries to his left hand as more fully set forth in paragraph 32 below.

19. At all times material, Plaintiff used the subject wine bottle for the purpose for which it was intended, in a manner that could reasonably have been expected and did not otherwise misuse the product.

20. At all times relevant, Defendants were engaged in the business of designing, manufacturing, selling, and distributing the 2015 California Square Chardonnay bottle, which is the subject of this action.

21. At the time it was sold and/or left the control of Defendants, the subject wine bottle was defective, in that it was in a condition that deviated, in terms of its construction or quality, from Defendants specifications or planned output, which rendered the subject wine bottle unreasonably dangerous, in that it was capable of fracturing and causing serious injury during ordinary and foreseeable use by Plaintiff.

22. The fracture originated at the thinnest wall of the subject wine bottle, which is at the embossed stamping *fluer de lis*. The four sides of the subject wine bottle differ substantially in wall thickness. Specifically, measurements taken of the wall thickness of the subject wine bottle's glass were only 1.1 mm at the area of original fracture. The subject wine bottle deviates in construction or quality by more than twenty percent from Defendants' specifications or planned output. By comparing the subject wine bottle to other bottles manufactured by Defendants, the difference in wall thickness can be as great as 55%. There is little uniformity in manufacturing according to the sample size evaluated.

23. On information and belief, it is this thinner thickness of the glass wall of the subject wine bottle at the embossing, which caused the bottle to fracture when Mr. Weisenberger attempted to open it. Had the glass wall thickness of the subject wine bottle been thicker than 1.1 mm or more as in other bottles of wine manufactured by Defendants, the subject wine bottle would not have fractured in the location it did, and Mr. Weisenberger would not have been injured.

24. Measurement/visual examination of the subject wine bottle revealed that the wall thickness of the bottle glass in the location of the fracture differed from exemplar bottles from Defendants. The shattered subject wine bottle had thinner glass walls than that of exemplars. Further, Defendants' bottles had thinner glass walls than other square wine bottle manufacturers from around the world.

25. Defendant Truett-Hurst, Inc is a manufacturer as that term is used in Colo. Rev. Stat. § 13-21-401.

26. Defendant Truett-Hurst Inc is a seller as that term is used in Colo. Rev. Stat. § 13-21-401.

27. Defendant H.D.D. LLC is a manufacturer as that term is used in Colo. Rev. Stat. § 13-21-401.

28. The defective and negligent design and manufacture of the subject wine bottle included but was not limited to the following design defects:

   1. Inadequate margin of safety to prevent glass failure in ordinary use conditions or expected or anticipated consumer use conditions;
   2. Inadequate glass wall thickness considering the foreseeable use of the wine bottle;
   3. The improper use of inappropriate or inadequate glass materials; and;
   4. Inadequate warnings or instructions for consumers.

5

29.     The negligent design and manufacturing practices employed by Defendants included but were not limited to:

      1.  Inadequate inspections at all phases of the manufacturing and fabrication of the glass bottle;

      2.  The failure to adhere to industry standards or rules or regulations relating glass manufacture practices;

      3.  The utilization of improper materials which were not capable of handling ordinary consumer use conditions or expected or anticipated consumer use conditions;

      4.  Failure to adequately test the bottle to ensure that it could handle ordinary foreseeable use of the wine bottle;

      5.  Failure to follow the design and manufacture specifications of the glass bottle.

30.     At some point following Plaintiff's injury, Defendants manufactured and sold bottles of California Square Chardonnay North Coast containing a conspicuous warning concerning the use of that product with "pressurized bottle openers"  (*See* Figure 1 below, a representative depiction of wine bottles sold by Defendants in Colorado after Plaintiff's injury):



31. Defendants are not entitled to any of the protections afforded by Colorado Statutes in connection with Plaintiff's Complaint, including:

      a. C.R.S. § 13-21-111.6 (collateral source);

      b. C.R.S. § 13-21-111.7 (assumption of risk);

      c. C.R.S. § 13-21-111.5 (several liability); and,

      d. C.R.S. § 13-21-111.5 (responsible non-party).

32. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered serious personal injuries, including lacerations to his left hand and tendons. He has suffered tendon damage and permanent nerve damage. Plaintiff has undergone three surgeries and anticipates more surgical procedures in the future. Currently, his medical bills are greater than $236,000. Plaintiff has suffered economic losses, including reasonable and necessary costs for hospitals, physicians, therapists, for medical and assisted care and other medical expenses, and will, in the future, continue to incur such reasonable and necessary expenses. Further, Plaintiff incurred a loss of wages and earning capacity. Plaintiff has also suffered non-economic losses such as physical, mental and emotional pain and suffering, emotional distress, inconvenience, and impairment of the quality of life. In addition, Plaintiff has been informed and alleges that his injuries are permanent and have resulted in a permanent physical impairment and permanent disfigurement.

### V. FIRST CLAIM FOR RELIEF
### STRICT LIABILITY AGAINST TRUETT-HURST, INC.

33. Plaintiff incorporates herein as more fully set forth in paragraphs 1 through 32.

34. At all times relevant, Defendant was engaged in the business of designing, manufacturing, constructing, selling, and distributing the California Square Wine bottle for consumer use, including the subject wine bottle involved in this accident.

35. On July 2, 2019, the bottle was being used by Plaintiff in a foreseeable manner.

36.     Defendant knew or reasonably should have known of the defective condition of the subject wine bottle

37.     At the time the subject wine bottle left the control of Defendant, it was defective and unreasonably dangerous to a person who might reasonably be expected to use it. These defects include, but are not limited to, the conditions described in the following paragraphs.

38.     The defects in design, manufacture, and inspection, along with the absence of warning, made the subject wine bottle unfit and unsafe for its intended use and caused the subject wine bottle to fail to perform as an ordinary user would expect when the subject wine bottle was used in its intended and foreseeable manner.

39.     The subject wine bottle was manufactured by Defendant without adequate quality control measures and using inappropriate manufacturing procedures.  Such inappropriate quality control measures and inappropriate manufacturing practices and procedures contributed to the glass failure of the subject wine bottle on July 2, 2019.

40.     The subject wine bottle was defective in manufacture, including but not limited to, the lack of proper strength and thickness of glass, resulting in a catastrophic failure of the subject wine bottle during normal use.

41.     The subject wine bottle was defective in design, including but not limited to, failure to incorporate designs to reduce or eliminate the hazard of glass failure resulting in catastrophic failure during normal use.

42.     The subject wine bottle was also defective in design as Defendants did not manufacture the subject wine bottle to the required design or geometric specifications set forth in the design drawings.

43.     Defendant failed to recall the subject wine bottle or warn Plaintiff and/or the users in a timely manner of the risk of injury of which it was actually aware, or should have been aware,

through the exercise of ordinary care. Such warnings should have included warnings to its customers about the dangers of using an improperly manufactured wine bottle, which did not comport with the design specifications set forth by Defendant. The failure to warn was itself a product defect.

44. The defects in the design, manufacture, inspection, and lack of warning were direct, proximate and producing causes of the subject wine bottle failure on July 2, 2019, and as a result, Plaintiff suffered injuries, damages, and losses as more fully set forth in paragraph 32 of this Complaint.

## VI.   SECOND CLAIM FOR RELIEF
## NEGLIGENCE - DEFENDANT TRUETT-HURST, INC.

45. Plaintiff incorporates herein as if more fully set forth in paragraphs 1 through 44.

46. At all times material hereto, Defendant had a duty to use reasonable care in the design, manufacture, inspection, and sale of the subject wine bottle.

47. Defendant breached its duty of reasonable care owed to Plaintiff by:

   1. Negligently designing the subject wine bottle;

   2. Negligently constructing the subject wine bottle;

   3. Negligently manufacturing the subject wine bottle;

   4. Negligently failing to properly inspect and detect and remove defective wine bottle from the stream of commerce;

   5. Negligently testing or failing to test the subject wine bottle;

   6. Negligently failing to warn other Plaintiff of defects in the subject wine bottle which Defendant either knew or should have known existed;

   7. Failing to reasonably warn the consumers and expected users of the wine bottle of the increased risk of catastrophic failure when using the wine bottle as intended;

9

8. Inadequate inspections at all phases of the manufacturing and fabrication of the subject wine bottle;

9. The failure to follow mandated rules or regulations relating to machining and good manufacturing practices;

10. The utilization of improper materials which were not capable of handling ordinary and foreseeable consumer use conditions or expected or anticipated consumer use conditions;

11. Failure to adequately test the subject wine bottle to ensure that it could handle ordinary consumer use conditions or expected or anticipated consumer use conditions; and;

12. Failure to follow the design and manufacture specifications for the wine bottle.

48. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered injuries, damages, and losses as more fully set forth in paragraph 32 of this Complaint.

## VII.   THIRD CLAIM FOR RELIEF
## STRICT LIABILITY AGAINST H.D.D. LLC

49. Plaintiff incorporates herein as more fully set forth in paragraphs 1 through 48.

50. At all times relevant, Defendant was engaged in the business of designing, manufacturing, constructing, selling, and distributing the California Square Wine bottle for consumer use, including the subject wine bottle involved in this accident.

51. On July 2, 2019, the bottle was being used by Plaintiff in a foreseeable manner.

52. Defendant had actual knowledge of the defective condition of the subject wine bottle.

53. At the time the subject wine bottle left the control of Defendant, it was defective and unreasonably dangerous to a person who might reasonably be expected to use it. These defects include, but are not limited to, the conditions described in the following paragraphs.

10

54. The defects in design, manufacture, and inspection, along with the absence of warning, made the subject wine bottle unfit and unsafe for its intended use and caused the subject wine bottle to fail to perform as an ordinary user would expect when the subject wine bottle was used in its intended and foreseeable manner.

55. The subject wine bottle was manufactured by Defendant without adequate quality control measures and using inappropriate manufacturing procedures. Such inappropriate quality control measures and inappropriate manufacturing practices and procedures contributed to the glass failure of the subject wine bottle on July 2, 2019.

56. The subject wine bottle was defective in manufacture, including but not limited to, the lack of proper strength and thickness of glass, resulting in a catastrophic failure of the subject wine bottle during normal use.

57. The subject wine bottle was defective in design, including but not limited to, failure to incorporate designs to reduce or eliminate the hazard of glass failure resulting in catastrophic failure during normal use.

58. The subject wine bottle was also defective in design as Defendant did not manufacture the subject wine bottle to the required design or geometric specifications set forth in the design drawings.

59. Defendant failed to recall the subject wine bottle or warn Plaintiff and/or the users in a timely manner of the risk of injury of which it was actually aware, or should have been aware, through the exercise of ordinary care. Such warnings should have included warnings to its customers about the dangers of using an improperly manufactured wine bottle which did not comport with the design specifications set forth by Defendant. The failure to warn was itself a product defect.

60.     The defects in the design, manufacture, inspection and lack of warning were direct, proximate and producing causes of the subject wine bottle failure on July 2, 2019, and as a result, Plaintiff suffered injuries, damages, and losses as more fully set forth in paragraph 32 of this Complaint.

### VIII.    FOURTH CLAIM FOR RELIEF
### NEGLIGENCE - DEFENDANT H.D.D. LLC

61.     Plaintiff incorporates herein as if more fully set forth in paragraphs 1 through 60.

62.     At all times material hereto, Defendant had a duty to use reasonable care in the design, manufacture, inspection, and sale of the subject wine bottle.

63.     Defendant breached its duty of reasonable care owed to Plaintiff by:

   1. Negligently designing the subject wine bottle;

   2. Negligently constructing the subject wine bottle;

   3. Negligently manufacturing the subject wine bottle;

   4. Negligently failing to properly inspect and detect and remove defective wine bottle from the stream of commerce;

   5. Negligently testing or failing to test the subject wine bottle;

   6. Negligently failing to warn other Plaintiff of defects in the subject wine bottle which Defendant either knew or should have known existed;

   7. Failing to reasonably warn the consumers and expected users of the wine bottle of the increased risk of catastrophic failure when using the wine bottle as intended;

   8. Inadequate inspections at all phases of the manufacturing and fabrication of the subject wine bottle;

   9. The failure to follow mandated rules or regulations relating to machining and good manufacturing practices;

10. The utilization of improper materials which were not capable of handling ordinary and foreseeable consumer use conditions or expected or anticipated consumer use conditions;

11. Failure to adequately test the subject wine bottle to ensure that it could handle ordinary consumer use conditions or expected or anticipated consumer use conditions; and;

12. Failure to follow the design and manufacture specifications for the wine bottle.

64. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered injuries, damages, and losses as more fully set forth in paragraph 32 of this Complaint.

## IX.   FIFTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR
## A PARTICULAR PURPOSE – DEFENDANTS TRUETT HURST & H.D.D. LLC

65. Plaintiff incorporates herein as more fully set forth in paragraphs 1 through 64.

66. Defendants sold the subject wine bottle of wine.

67. Defendants impliedly warranted the subject wine bottle to be suitable and fit for the particular purpose of opening a corked wine bottle in a safe and customary way.

68. Plaintiff is a person who was reasonably expected to use, consume, or be affected by the subject wine bottle.

69. The subject wine bottle was not suitably fit for the particular purpose for which it was warranted.

70. As a direct and proximate result of the breach of warranty for fitness, Plaintiff suffered injuries, damages, and losses as more fully set forth in paragraph 32 of this Complaint.

## X.   JURY DEMAND

71. Plaintiff requests a trial by jury and has paid the required fee with this filing.

## **Prayer**

72. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon trial hereof, Plaintiff have judgment of the Court against the Defendant in an amount in excess of the jurisdictional limits of this Honorable Court, together with pre-judgment and post-judgment interest as provided by applicable law.  Plaintiff further prays for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which he has shown or may show himself justly entitled.

Respectfully submitted,

*s/ Michael O'B  Keating*
Michael O'B  Keating, Atty. Reg. #33002
KEATING WAGNER POLIDORI FREE, P.C.
1290 Broadway, Suite 600,
Denver, CO 80203
Telephone:	(303) 534-0401
Facsimile:	(303) 534-8333
E-mail:  mkeating@keatingwagner.com

MITHOFF LAW
(Attorney Applications for Admission
*Pro Hac Vice* Pending)

RICHARD WARREN MITHOFF
Texas State Bar No. 14228500
rmithoff@mithofflaw.com
JANIE L. JORDAN
Texas State Bar No. 11012700
jjordan@mithofflaw.com
WARNER V. HOCKER
*Of Counsel*
Texas State Bar No. 24074422
whocker@mithofflaw.com
Penthouse, One Allen Center
500 Dallas Street, Suite 3450
Houston, TX 77002
Telephone:	(713) 654-1122
Facsimile:	(713) 739-8085

ATTORNEYS FOR PLAINTIFF